IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC L. WAKEFIELD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| DISTRICT ATTORNEY'S OFFICE, | )  Case No. 22-cv-1769-DWD |
| PHILLIP BUTLER, | ) |
| ABBY DINN, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Eric L. Wakefield, a detainee at the Franklin County Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 1). Plaintiff alleges that his rights are being violated during an ongoing criminal matter in state court because evidence is being withheld, witnesses are being manipulated, and he is not receiving due process. Plaintiff seeks sanctions against the District Attorney's Office for prosecutorial misconduct, and various other harms. Plaintiff has also filed a motion for a subpoena (Doc. 9), a motion for counsel (Doc. 10), and a motion for sanctions or injunctive relief (Doc. 11).

Plaintiff's Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon

which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff's one-page factual narrative is difficult to follow, though it is legible. Plaintiff seems to allege that as part of an ongoing prosecution in state court, evidence has been tampered with, witnesses have been obstructed or coerced, the grand jury received an incomplete presentation of evidence, and he has not received adequate representation. (Doc. 1 at 6). Plaintiff alleges that this all amounts to prosecutorial misconduct. He argues that he needs evidence to be subpoenaed so that it can be reviewed in full. The issues listed all apparently relate to a dispute with his wife and her alleged boyfriend, whom Plaintiff claims assaulted him on September 26, 2019. As relief Plaintiff seeks a reprimand against the District Attorney's Office.

## Discussion

Plaintiff's complaint suffers from multiple defects, and for reasons explained below, he has failed to state a valid claim.

First, as to Defendants Butler and Dinn, Plaintiff has not identified any personal actions taken by these individuals that violated his rights. To state a valid § 1983 claim, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Plaintiff's allegations are insufficient to establish a § 1983 claim against Butler and Dinn.

Accordingly, the Complaint will be dismissed as to Butler and Dinn for failure to state a claim.

Even if the Court assumed that Plaintiff had sufficiently identified actions by these defendants in the withholding of evidence or otherwise, Plaintiff would not be able to secure any civil relief against these parties if his criminal prosecution is ongoing, or if his conviction has been finalized and has not been overturned. Federal courts generally abstain from interfering with ongoing state judicial proceedings that offer an adequate opportunity for review of constitutional claims. *See e.g. Younger v. Harris,* 401 U.S. 37 (1971). A plaintiff may seek federal court intervention in very rare circumstances if he can demonstrate that "the pending state proceeding is motivated by a desire to harass or is conducted in bad faith, or when the federal plaintiff demonstrates an extraordinarily pressing need for immediate equitable relief to avoid an irreparable injury." *Olsson v. O'Malley*, 352 Fed. App'x 92, 94 (7th Cir. 2009). Even allegations that state actors have conspired to violate an individual's rights in a prosecution may not be enough to establish a need for federal court intervention if it is not clear that state procedures offer no opportunity for review of the claims raised. *Id.* Here, the Court does not find that Plaintiff's allegations are sufficient to warrant intervention in an ongoing state court prosecution, because he does not describe individual actions by Butler or Dinn, nor does he explain any effort to raise his claims at the state court level. A plaintiff cannot simply abandon efforts in a state court prosecution, and turn to federal court because he is frustrated, or he is concerned that the state court proceeding is unfair. A plaintiff must

first fully attempt to raise his concerns in state court. The Court could refrain from hearing Plaintiff's claims based on *Younger* abstention.[1]

To the extent that Plaintiff's state court proceedings have possibly concluded since the time that he filed this lawsuit, any claims like those presented in this lawsuit would be barred if and until he shows that an underlying conviction has been overturned in state court. See, *Heck v. Humphrey*, 512 U.S. 477 (1994). Based on *Younger* and *Heck*, the Court finds that it would also be appropriate to dismiss Plaintiff's claims without prejudice about his ongoing prosecution because those claims must be fully considered in state court before Plaintiff can raise them in federal court.

Additionally, even if Plaintiff had made proper challenges in state court or Plaintiff's underlying conviction had been vacated, he likely could not seek relief against Butler and Dinn because prosecutors possess prosecutorial immunity for most tasks associated with their role as an advocate for the state. See *Imbler v. Pachtman*, 424 U.S. 409 (1976). Such immunity attaches to activities such as "failure to comply with disclosure obligations and the suppression of evidence," *Heidelberg v. Manias*, 503 F.Supp.3d 758, 779-80 (C.D. Ill. 2020), and can apply even if a prosecutor acts with malice or in an unreasonable fashion, *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003). In light of these issues, Plaintiff has failed to state a claim against Butler and Dinn, and it is unlikely that he could do so.

---

[1] The Court is mindful that there is a preference for staying claims related to an ongoing criminal prosecution, but dismissal may be warranted if the claims would also be barred by *Heck*. See *Cichocki v. Foxx*, 2022 WL 2915640 (N.D. Ill. 2022) (granting motions to dismiss claims that were barred by *Younger* because the claims regarding fabricated or withheld evidence, wrongful detention, conspiracy, etc., would also be barred by *Heck*). Here, Plaintiff's claims also appear barred by *Heck*.

Finally, Plaintiff has also named the District Attorney's Office as an entity. As an entity of the local government, the District Attorney's Office is not subject to suit under § 1983 unless a plaintiff can prove that an action pursuant to an official municipal policy caused his or her injury. *See e.g.*, Connick v. Thompson, 563 U.S. 51, 60-61 (2011). Plaintiff has not alleged that there was any unconstitutional policy that caused the harm he alleges, so he has not stated an adequate claim against the District Attorney's Office as a whole. The claim against the District Attorney's Office will be dismissed for failure to state a claim.

To the extent that Plaintiff seeks to pursue a common law action, such as one for defamation, the Court declines to exercise supplemental jurisdiction over any state law claim. *See* 28 U.S.C. § 1367(c) (supplemental jurisdiction is discretionary if all federal law claims are dismissed).

In sum, Plaintiff's complaint will be dismissed in its entirety because he has failed to present factual or legal allegations sufficient to state a claim against any named defendant. Typically, the Court would afford the Plaintiff an opportunity to amend his complaint, but here the Court does not believe an opportunity to amend is necessary because in addition to Plaintiff's failure to state a claim against the three named defendants, there are many other potential bars to his claims under *Younger* and *Heck*. The Court will dismiss Plaintiff's complaint for failure to state a claim. *See Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021) (courts may deny leave to amend if an amendment would be futile); McCree v. Grissom, 657 F.3d 623, 624 (7th Cir.

2011) (leave to amend shall be granted where justice so requires, but leave to amend need not be given if an amendment to the complaint would be futile).

In closing, the Court notes that this lawsuit is one of seven that Plaintiff has filed in this District in the last year. *Wakefield v. Franklin County Jail, et al.*, 21-cv-867-JPG; *Wakefield v. Christopher Police Dept., et al.*, 22-cv-1764-JPG; *Wakefield v. Franklin County Sheriff Dept., et al.*, 22-cv-1766-JPG; *Wakefield v. SIU Credit Union, et al.*, 22-cv-1767-NJR; *Wakefield v. Franklin County Jail, et al.*, 22-cv-1768-JPG; *Wakefield v. Franklin County Courts, et al.*, 22-cv-1772-JPG. Plaintiff should be aware that every time he files a lawsuit he incurs a $350 fine, which he must pay even if his case is dismissed (like this case). Plaintiff might also incur three strikes under 28 U.S.C. § 1915(g). He should also be aware that if he files lawsuits that are considered frivolous—i.e., they present overlapping claims, or claims that have no legal basis—he could be subject to filing restrictions, monetary sanctions, or a filing ban. *See e.g.*, *Matter of Davis*, 878 F.2d 211, 212 (7th Cir. 1989) (federal courts have inherent authority to protection themselves from conduct which impairs their ability to carry out justice, this authority may include a filing restrict for frivolous filings); *see also*, *Phillips v. Redkey Town Board*, 2019 WL 5390556 *1 (N.D. Ind. 2019) (collecting cases about filing restrictions, sanctions, and bans). For all of these reasons, Plaintiff should be very cautious when deciding if it is appropriate to file a federal lawsuit, and he should ensure that he has first attempted to utilize other avenues to resolve his disputes.

<u>**Pending Motions**</u>

In addition to his Complaint, Plaintiff has filed three motions. His motion to subpoena (Doc. 9), which seeks various documents, is **DENIED** as **MOOT** in light of the

dismissal of this case. Plaintiff's Motion for Sanctions and Motion for Injunction (Doc. 12) will also be **DENIED** as **MOOT**. The Court notes that the motion is a mixed bag of allegations concerning medical care, as well as various aspects of criminal proceedings in state court. Finally, Plaintiff's Motion for Counsel (Doc. 11), will also be **DENIED**. Civil litigants do not a have a right to counsel, and the Court has found that this lawsuit lacks merit as pled, so it does not find it appropriate to appoint counsel. The Court does not believe that with the assistance of counsel a meritorious claim could be crafted based on the underlying factual allegations.

## Disposition

Plaintiff's Complaint will be **DISMISSED** without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915A. Plaintiff's Motion to Subpoena (Doc. 9) and Motion for Sanctions or Injunction (Doc. 12) are **DENIED** as **MOOT**. Plaintiff's Motion for Counsel (Doc. 11) is **DENIED**. Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable regardless of the dismissal of this case. See 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff chooses to appeal, he will be liable for the $505.00 filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-56 (7th Cir. 2008). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur a "strike" under 28 U.S.C. § 1915(g). A proper and timely motion filed

pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no later than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

  The Clerk of Court is **DIRECTED** to enter judgment accordingly and to close this case.

  **IT IS SO ORDERED.**

  Dated: October 24, 2022

_____<br>
DAVID W. DUGAN<br>
United States District Judge